## Newsom, et al. v. Newsom's Trustee.

(Decided October 28, 1913).

### Appeal from Graves Circuit Court.

1. Principal and Surety—Husband and Wife—Equitable Interest of Wife Subjected to Payment of Husband's Debts—Reimbursement to Exclusion of General Creditors.—Where a wife unites' with her husband in a mortgage of several tracts of land, in one of which she has an equitable interest, to secure a debt of her husband on which she is mere surety, and also unites with him in a deed to her son in which the son assumes the payment of one-half the mortgage debt and agrees to hold her and her husband harmless to that extent, and the property is sold and the proceeds applied to the payment of the husband's mortgage debt, and there is a balance due by the son by virtue of his undertaking to hold them harmless to the extent of one-half the mortgage debt, the wife is entitled to be reimbursed, out of the sum due by her son, to the extent of her equitable interest in the tract of land subjected to her husband's debt, before any of that sum should be paid to her husband's general creditors.

2. Homestead—Relinquishment.—Where one mortgages and relinquishes his right of homestead in a tract of land, and in an action to enforce the mortgage lien the homestead and other property is sold, and does not bring enough to pay the mortgage debt, his right of homestead goes with the sale.

HESTER & HESTER for appellants.

H. J. MOORMAN and R. N. STANFIELD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming as to R. M. Newsom and reversing as to Nannie J. Newsom.

On November 23, 1909, R. M. Newsom and his wife, Nannie Newsom, executed and delivered to B. E. Allen their promissory note, by which they agreed and promised to pay six months thereafter the sum of $3,511.95. On the same day, and in order to secure the payment of said note, they executed and delivered to the payee a mortgage on several tracts of land located in Graves County, Kentucky. Subsequently B. E. Allen sold and transferred the note in question to the Graves County Banking and Trust Company. On the same day that the mortgage and note were executed, R. M. Newsom and wife sold and conveyed to their son, J. W. Newsom, an undivided one-half interest in a tract of 141 acres of land included in the mortgage. As a consideration for

that conveyance their son assumed the payment of one-half the note executed by his father and mother to B. E. Allen, together with the interest thereon, and agreed to hold them harmless to that extent. Afterwards R. M. Newsom, by his voluntary petition, was adjudged a bankrupt, and J. E. Warren was duly elected trustee of the bankrupt estate.

This action was brought by the Graves County Banking & Trust Company to enforce its mortgage lien. R. M. Newsom, Nannie Newsom and J. E. Warren as trustee in bankruptcy were made parties defendant. Subsequently J. W. Newsom, on his application, was also made a party defendant. Judgment was entered in favor of plaintiff, and the several tracts of land covered by the mortgage ordered to be sold. The land, though consisting of several smaller tracts, was sold in three tracts. One tract of 140 acres, known as the Clark's River tract, brought $1,800. Another tract of 27 acres, known as the homestead tract, brought $350. Another tract consisting of 40 acres brought $1,050. Proof was heard as to the respective payments made on the mortgage debt by R. M. Newsom and his son, J. W. Newsom, and it was finally adjudged that J. W. Newsom lacked $522.82 of paying the half the note assumed by him. R. M. Newsom, Nannie Newsom and the trustee in bankruptcy all claim this sum. The trustee claims it for the benefit of R. M. Newsom's general creditors; R. M. Newsom claims it to reimburse him for subjecting his homestead, valued at $350; and Nannie Newsom claims it because the 40-acre tract to which she asserts title was subjected to the payment of her husband's debt, on which she was a mere surety. On final hearing the court sustained a demurrer to the pleadings filed by R. M. Newsom and Nannie Newsom, and gave judgment in favor of the trustee. From that judgment this appeal is prosecuted.

From the pleadings of Nannie Newsom and the exhibits filed therewith, the following facts appear:

Her father, J. J. Fleming, died the owner of certain real estate in Graves County, Kentucky. Her father's estate was divided, and her mother and brothers conveyed to her 75 acres thereof by deed recorded in the Graves County Clerk's office. On January 31, 1890, Louisa Shelton and others conveyed to R. M. Newsom the 40-acre tract of land in controversy for the sum of $500, paid and to be paid. $200 of this sum was paid in cash, and the remainder secured by

notes, on which J. J. and J. D. Fleming were sureties. The same parties were also sureties on a note for $200, with the proceeds of which the cash payment was made. These notes were all paid by J. D. Fleming, and the deed from Shelton and others to R. M. Newsom bears the following endorsement:

"On this the 17th day of February, 1890, I transfer the within deed to J. J. & J. D. Fleming, this the day and date above written.

" R. M. Newsom."

"The lien notes herein described having been transferred to me and paid in full by R. M. Newsom said lien is hereby released March 10, 1904.

"J. D. Fleming."

On March 10, 1904, J. D. Fleming and wife sold and conveyed the same tract of 40 acres to Nancy J. Newsom for the recited consideration of six hundred and seventy-two and 25-100 dollars in hand paid. The deed recites that the land conveyed was the same land "sold to J. D. Fleming by R. M. Newson & wife N. J. Newsom on February 17, 1890." On the same day R. M. and Nannie J. Newsom conveyed to J. D. Fleming the 75 acres of land which had been allotted to Nannie J. Newsom in the division of her father's estate. The consideration recited in the deed is $800 in hand paid. Over $600 of this sum was paid by the transfer of the 40-acre tract from J. D. Fleming to Nancy J. Newsom, while the balance was paid in cash. At the time of that transaction none of the present general creditors of R. M. Newsom had debts against him.

Even though it be true that the transfer of the 40-acre tract of land by J. W. Newsom to J. D. Fleming, made on the margin of the record of the deed to him, was not sufficient to vest in Fleming the legal title thereto as against Newsom's subsequent creditors, yet as Fleming had paid the notes given by J. W. Newsom, which were a lien on the land, and they had been assigned to him, the assignment and transfer of J. W. Newsom were sufficient to convey to Fleming an equitable interest in the land equal to the amount of the notes so paid by him. It is likewise true that when Mrs. Newsom's 75-acre tract of land was conveyed to her brother, J. D. Fleming, in payment of her husband's lien notes on the 40-acre tract of land, the conveyance by Fleming to her was sufficient to vest in her the equitable interest which Fleming owned in the land. Manifestly if J. W.

Newsom's creditors had attacked the assignment and conveyance in question, all that they could have recovered was the excess in value of the 40-acre tract over and above the equitable interest which J. D. Fleming had therein, and which he, by his deed, transferred to Mrs. Newsom. R. M. Newsom not only assumed one-half of the mortgage debt of J. W. Newsom, but agreed to hold both him and Mrs. Newsom harmless to that extent. Mrs. Newsom was surety of her husband. The 40-acre tract in which she had an equitable interest was subjected to the payment of the mortgage debt. This equity was not subject to the debts of her husband's general creditors. She being mere surety of her husband, and her equitable interest in the 40-acre tract of land having been subjected to the payment of the mortgage debt, and R. M. Newsom having undertaken to hold her harmless to the extent of one-half of the mortgage debt, we conclude that out of the sum due by him by reason of this undertaking she is entitled to be reimbursed to the extent of her equitable interest in the 40-acre tract before any of that sum should be paid to her husband's general creditors. It follows, therefore, that the court erred in sustaining the demurrer to the amended answer and cross petition of Nannie J. Newsom.

The court did not err in sustaining the demurrer to the answer and cross petition of J. W. Newsom, who set up a claim to the fund in controversy based on the fact that one of the tracts of land embraced in the mortgage was his homestead. By the very terms of the mortgage itself he relinquished his right of homestead in and to the tract of land on which he resided. That being true, his right to the homestead went with the sale, and he is not entitled to reimbursement because his homestead was sold.

On appeal of R. M. Newsom the judgment is affirmed; on the appeal of Nannie J. Newsom the judgment is reversed and cause remanded for proceedings consistent with this opinion.